United States Department of Justice
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
(214) 767-8967 x 239

Nancy Sue Resnick,
for the United States Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| Caprock Wine Company LLC | § | CASE NO: | 09-50576-rlj-11 |
| Caprock Real Estate Holdings LLC | § | | 09-50577-rlj-11 |
| | § | | |
| Debtor-in-Possession | § | Hearing: | to be set |
| | § | | |

### United States Trustee's Motion for the Appointment of Chapter 11 Trustee under 11 U.S.C. § 1104(a)(2)

TO THE HONORABLE JUDGE JONES
UNITED STATES BANKRUPTCY JUDGE:

The United States Trustee for Region 6 files his motion for the appointment of a Chapter 11 Trustee for cause under 11 U.S.C. § 1104(a)(2) and respectfully shows as follows:

### Overview

A dispute has emerged among the following parties: the estate, the debtors' limited partner, the major secured lender, displaced management and current management. The United States Trustee seeks the appointment of a chapter 11 trustee, based upon its concern about lack of corporate governance. An objective and independent third party is needed to evaluate the allegations being made by one of the Debtors' limited partners (Oxford Capital Group LLC) that the estates have been mismanaged, and

conversely, the allegations being made by the estates[1] that Oxford Capital is colluding with the estates' lender, Plains Capital Bank. Exigent circumstances currently exist regarding the estates' business operations or lack thereof.

Proposed Debtors' counsel, Mr. Harold Pigg, by and through Lubbock DLR Inc. (the General Partner) seeks to restrain the newly appointed General Partner (Mr. Phillip Anderson) and submits that the change in management violates the Limited Partnership agreement. Because of this posture, Mr. Pigg is not taking any direction from Anderson. The unfortunate consequence to this litigation approach is that the doors of the winery have closed because the January electricity has been cut off, and the interim cash collateral agreement as set forth in Court has not been signed. The appointment of a chapter 11 trustee is needed to avoid any further immediate harm to the estate and to stabilize operations.

## Jurisdiction

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a)(1), and the standing order of reference. Appointing a trustee impacts case administration and is a core matter. 28 U.S.C. § 157(b)(2)(A). The United States trustee has standing to seek appointment of a trustee. 11 U.S.C. §§ 307, 1104.

## Background Facts

2. Caprock Wine Company LLC and Caprock Real Estate Holdings LLC (collectively "Debtors") filed for chapter 11 relief on December 23, 2009. A Motion for Joint Administration is pending. The Debtors continue to operate as debtors-in-possession pursuant to §§ 1107(a) and 1108. The meeting of creditors was held on January 27, 2009. A committee of unsecured creditors was not appointed.

3. From information obtained during an on site debtor interview conducted by the United States Trustee's Office, the schedules and statement of financial affairs, and

---

[1] The allegations are being raised however on behalf of the general partner, Lubbock DLR Inc., who has a 2.5% interest in Caprock Wine Company. Lubbock DLR, Inc. is a corporation and a public records search indicates that Donald Roark is the sole director of Lubbock DLR, Inc. Mr. Roark signed the schedules as President of Lubbock DLR, Inc., General Partner of Palo Duro Wine Partners, L.P. Palo Duro is the General Partner of Oxford Capital Group which owns a 49% limited partnership interest in Caprock Wine Company.

testimony at the §341 meeting, the backdrop to this case can be summarized as follows: The Debtors own and operate a winery that was built about 20 years ago. The Debtors acquired their assets in 2003. The assets generally include the real estate and buildings, a mechanical scale, crusher units, about twenty-five 1,000 gallon plus stainless steel tanks for storage and cold stabilization, a large bottling machine, filters, pumps, and related winery equipment. The assets also include about 100 French oak barrels. The facility itself includes a tasting room, labs and offices, and is big enough to host large weddings and public wine crushing events.

4. a) The main asset of Caprock Real Estate Holding, LLC is the real estate where the winery is located. The property (which is not actually listed on Schedule A) is valued at $2.4 million.[2] The secured debt includes the disputed claim of Plains totaling about $1.74 million and $87,500 for 2008 and 2009 ad valorem taxes.

b) The personal property assets of Caprock Winery are valued at $3.8 million. (Schedule B). This amount includes $3.5 million of contingent claims against Oxbridge and Plains arising from "insider status, lender control, breach of fiduciary duty, subordination/claims, misappropriation/assets." ( Schedule B, Question 21). The claim of Plains which is disputed (although not shown as disputed) totals $3.85 million.

c) Schedule B Question no. 21 fails to list the Debtor's inventory; the inventory is disclosed on Debtor's Amended Financial Statements dated January 19, 2010 with a value of $794,565.

d) Schedule F lists approximately $390,000 in unsecured claims. Schedule E lists $72,485 in priority tax claims and there are pre petition employee wage claims that have not been listed.

## Argument

5. Before confirmation, the Court "shall order the appointment of a trustee for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the

---

[2] At the § 341 Mr. Pigg acknowledged that the schedules needed to be amended.

debtor by current management, either before or after the commencement of the case, or similar cause." 11 U.S.C. §1104(a)(1).[3] Alternatively, the Court must appoint a trustee "if such appointment is in the interest of the creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2).

<u>Cause exists to appoint a chapter 11 trustee</u>

6.   Cumulatively, the facts of this case establish that the best interests of the creditors and the estate are served by the appointment of a trustee. The business operations of Caprock Winery are at a standstill. A change in management prompted the filing of Complaint to Enforce Stay and Request for TRO, adversary no. 10-05004. But even before the disputed change in management, there were significant obstacles that needed to be resolved before a final cash collateral order could be agreed upon. Most specifically, lack of adequate protection from Plains' perspective and undue lender control from the Debtors' prospective.

7.   An inherent distrust prompted Oxford Capital Group LLC, a 49% limited partner of Caprock Wine Company, to invoke its interpretation of the partnership agreement and remove Don Roark from his position as President of Lubbock, DLR Inc., the General Partner. A similar distrust is the catalyst for Debtors' attempt to re characterize the bank's debt and equitable subordinate its claim. Meanwhile, without a mechanism in place to agree on cash collateral and an agreement as to who can be trusted to run the business, the estates' value continues to diminish. The United States Trustee submits that corporate governance issues should be left for another day, that the appointment of a chapter 11 trustee is necessary to stabilize operations, and a chapter 11 trustee is in the best position to serve the best interests of the estate and creditors.

8.   11 U.S.C. §1104(a)(2) provides for the appointment of chapter 11 when such appointment serves the best interests of creditors, equity security holders, and other

---

[3] Section 1104(e) of the Bankruptcy Code provides that the United States trustee "shall move for the appointment of a trustee under subsection (a) if there are reasonable grounds to suspect that current members of the governing body of the debtor, the debtor's chief executive officer, or members of the governing body who selected the debtor's chief executive or chief financial officer, participated in actual fraud, dishonesty, or criminal conduct in the management of the debtor or the debtor's public financial reporting." 11 U.S.C. § 1104(e).

interests of the estate. §1104(a)(2) provides a "flexible standard" that allows a court to "utilize its broad equity powers to engage in a cost-benefit analysis to determine whether the appointment of trustee would be in the best interest of creditors, equity security holder and other interests of the estate. In re Parker Grande Development 64 BR 557, 561 (Bankr. S.D. Ind. 1986). The benefits derived by the appointment of trustee must be balanced against the cost of the appointment. In re Ionosphere Club, Inc. 113 B.R. 164, 168 (Bankr. S.D..N.Y. 1990). Under the particular facts of this case, it is in the best interest of creditors to have an independent trustee evaluate the estate's financial information in order to properly determine its financial condition and assess the validity of its claims on one hand, and on the other hand negotiate with Plains to facilitate continued business operations. The potential for conversion of this case to chapter 7 looms. The Plains note has been accelerated. Although the testimony at the §341 was not clear, the United States Trustee understands that no principal has been paid down on the note since 2003. The long term issue that needs to be solved is that current income generated does not support debt service on the secured note, plus paying current operating expenses. Even if the Court finds that liquidation of these cases may be inevitable, the Court may choose to appoint a trustee under §1104(a)(2). In re L.S. Good & Co., 8 B.R. 314, 315 (Bankr. N.D. W. Va. 1980) and during this period, provide stability to the estate.

9. WHEREFORE, PREMISES CONSIDERED, the United States Trustee requests that the Court order the appointment of a Chapter 11 Trustee, and requests any other relief as deemed appropriate.

DATED: February 2, 2010

Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE

/s/ Nancy Sue Resnick

Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967 x 239

Certificate of Conference

I certify that on 02/02/2010 I conferred with Harold Pigg proposed counsel for the Debtor on the relief requested. Mr. Pigg did not agree to the relief requested in this motion.

/s/ Nancy Sue Resnick

Certificate of Service

I hereby certify that a true and correct copy of the Motion to Appoint a Chapter 11 trustee was served by ecf on 2/2/2010 and by facsimile on 2/3/2010as noted below:

Harold Pigg and by facsimile to 806-785-1565 and by e-mail to **hhplaw@sbcglobal.net**
LAW OFFICES OF HAROLD H. PIGG
P.O. Box 6887
4808 B. Knoxville Avenue
Lubbock, Texas 79493

Michael Cooley and by facsimile to (214) 999-3824, and by email to
mcooley@gardere.com
Gardere, Wynne, Sewell, L.L.P
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201-4761

Tommy J. Swann and by facsimile to (806) 796-7365
McCleskey, Harriger, Brazill & Graf. LLP
P.O. Box 6170
Lubbock, Texas 79493-6170

Oxbridge Capital Group, L.L.C. and by facsimile to (212) 980-9510, and by email to
kdavis@vulcancapital.com
150 East 52nd Street, 11th
New York, NY 10022

Phillip Anderson and by email to phillipdanielanderson@gmail.com
5809 90th Street
Lubbock, Texas 79424

R. Byrn Bass, Jr. and by facsimile to (806) 771-1260, and by
Attorney at Law 4716-4th Street, Suite 100
Lubbock, Texas 79416

Lubbock DLR, Inc.
c/o Don Roark and Kirk Roark
3006 79th Street
Lubbock, Texas 79423

Caprock Wine Company
Caprock Real Estate Holdings
408 East Woodrow Road
Lubbock, Texas 79423

/s/ Nancy Sue Resnick