U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 2, 2010**                                                 **United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CAPROCK WINE COMPANY, L.L.C., | § | Case No. 09-50576-RLJ-11 |
| | § | |
| Debtor | § | |

___

| | | |
|---|---|---|
| | § | |
| CAPROCK REAL ESTATE HOLDINGS, L.L.C., | § | Case No. 09-50577-RLJ-11 |
| | § | |
| Debtor | § | |

### MEMORANDUM OPINION AND ORDER

On February 25, 2010, hearing was held on the motions filed by the debtors, Caprock Wine Company, L.L.C. ("Caprock Wine") and Caprock Real Estate Holdings, L.L.C. ("Caprock Real Estate"), seeking approval to employ the Law Offices of Harold H. Pigg ("Pigg") as counsel for the debtors in these chapter 11 cases. A response and objection to the motion was filed

collectively by Palo Duro Wine Partners, L.P., Oxbridge Capital Group, L.L.C. ("Oxbridge"), and Phillip Anderson ("Anderson").

The Caprock entities and Oxbridge are engaged in a dispute concerning Oxbridge's purported removal of current management of the debtor entities. *See* Court's February 8, 2010, order in adversary numbers 10-05003 and 10-05004. At the time of the filing of these chapter 11 cases, December 23, 2009, it was undisputed that the corporate and organizational structure of the debtor entities was as follows: Caprock Real Estate is owned by Caprock Wine; Caprock Wine is owned by Palo Duro Wine Partners, L.P., which, in turn, is owned by Lubbock DLR, Inc., as general partner owning 2.5%, Don Roark ("Roark"), as limited partner, owning 48.5%, and Oxbridge, as limited partner, owning 49.0%. Oxbridge contends that it has successfully removed Roark as the control person over the debtor entities and, in his stead, placed Anderson as the person in control. These issues are the subject of adversary proceedings 10-05003 and 10-05004 presently pending before the Court. The dispute left the two debtor entities without direction or control. Therefore, on February 5, 2010, the Court, upon an emergency motion of the United States Trustee, ordered the appointment of a chapter 11 trustee in the two cases.

Palo Duro Wine Partners, L.P., Oxbridge, and Anderson oppose the employment of Pigg as counsel for the debtor entities because, on January 27, 2010, Pigg was advised by Anderson that the parties asserting ultimate authority over Caprock Wine and Caprock Real Estate – Lubbock DLR, Inc. and Don Roark – had been removed and replaced by Anderson. Pigg was then directed to take no further instructions from Lubbock DLR, Inc., Don Roark, or Kirk Roark. Pigg, on behalf of his purported clients, the Caprock entities, disputes that the "take over" was proper and thus contends it is appropriate that he be employed as debtors' counsel.

The Court need not resolve the dispute between the parties to resolve whether it is appropriate to approve the employment of Pigg on behalf of the debtor entities. This issue was largely resolved by the appointment of the chapter 11 trustee on February 5, 2010. Given the appointment of a chapter 11 trustee, there is no debtor *in possession*. *See* 11 U.S.C. § 1101(1); *see also In re Princeton Med. Mgmt. Inc.*, 249 B.R. 813, 816 (Bankr. M.D. Fla. 2000). The Bankruptcy Code does not contemplate either the employment or compensation of counsel for the debtor (as opposed to the debtor in possession). *See* 11 U.S.C. §§ 327(a) and 330(a)(1). Stated otherwise, a chapter 11 debtor that is no longer in possession is not required to obtain court approval for employment of an attorney. 3 COLLIER ON BANKRUPTCY ¶ 327.05[3] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.); *see also In re Apollo*, 224 B.R. 48 (Bankr. E.D. Mich. 1998); *see also In re Prime Foods of St. Croix, Inc.*, 80 B.R. 758, 761 (D. V.I. 1987) (stating "the debtor's choice of counsel is not subject to court approval").

In accordance with the foregoing, the Court will approve the employment of Pigg as counsel for the debtor entities, but, in doing so, recognizes that such employment is effective only from the date of the filing of the cases, December 23, 2009, to the date of the appointment of the chapter 11 trustee, February 5, 2010. It is, therefore,

ORDERED that the employment by Caprock Wine Company, L.L.C. and Caprock Real Estate Holdings, L.L.C. of the Law Offices of Harold H. Pigg is approved for the time frame in which Caprock Wine Company, L.L.C. and Caprock Real Estate Holdings, L.L.C. were debtors in possession, from the filing of these cases on December 23, 2009, through and up to the appointment of the chapter 11 trustee on February 5, 2010; it is further

ORDERED that any compensation from the debtor estates requested by the Law Offices of Harold H. Pigg shall be subject to further motion to and order of the Court.

### End of Order ###