Max R. Tarbox: ABN: 19639950
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Telephone: 806-686-4448
Telefax: 806-368-9785
*Attorneys for Chapter 11 Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| **In Re:** | § § | |
| **Caprock Wine Company LLC,** | § § | Case No. 09-50576-rlj11 |
| **Caprock Real Estate Holdings, L.L.C.,** | § § | Case No. 09-50577-rlj11 |
| *Debtors.* | § § | Jointly Administered under Case No. 09-50576-rlj11 |

**TRUSTEE'S EMERGENCY MOTION TO SHORTEN NOTICE UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2002(a)(2) AND FOR AUTHORITY TO SELL ALL ASSETS BY AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES**

NOW COMES, Max R. Tarbox, the duly appointed Chapter 11 Trustee for the above-captioned bankruptcy proceeding (the "Bankruptcy Case"), and files this his Emergency Motion to Shorten Notice Under Federal Rule of Bankruptcy Procedure 2002(a)(2) and for Authority to Sell All Assets Free and Clear of all Liens, Claims and Encumbrances (the "Emergency Sale Motion"). In support thereof, the Chapter 11 Trustee would respectfully show the Court as follows:

**I.**
**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (N) and (O).

Page 1

Venue of the Debtors' bankruptcy cases (the "Bankruptcy Case") and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has authority to enter the requested relief under 11 U.S.C §§ 105 and 363 and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## II.
## Background

2. Caprock Wine Company, LLC filed its petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code") on December 23, 2009. Caprock Real Estate Holdings, L.L.C. also filed its petition for relief under Chapter 11 of the Bankruptcy Code on December 23, 2009. On February 5, 2010, an order was entered appointing Max R. Tarbox as the Chapter 11 Trustee (the "Trustee") for both cases. The Debtors have been operating under the supervision of the Trustee since his appointment.

3. The Trustee is in control of all the personal and real property of both bankruptcy estates.

4. The real property consists of an event center and attached winery, including fixtures, at 408 East Woodrow Road, Lubbock, Texas located on ten (10) acres of land having the property description of Block 20, Section 25, Abstract 413, Tracts 4A, 4F, and 4G, Lubbock County, Texas.

5. The personal property includes the events center furniture and articles, wine tanks, wine making equipment, approximately 35,000 plus gallons of inventory consisting of case wine and bulk wine, two forks lifts and landscape maintenance equipment.

6. The claims docket for the Bankruptcy Case reflect that Debtors' property is encumbered by the following secured claimants:

    a. Lubbock Central Appraisal District ("LCAD") has filed a statutory lien in the amount of at least $163,910.45 arising from past due property taxes. Such claim, plus any accrued interest, will be paid in full at the time of closing. The tax lien for property taxes are specifically retained by the Lubbock Central Appraisal District until all delinquent ad valorem taxes are paid in full 2008 taxes.

    b. Plains Capital Bank [Claim No. 30] has filed a secured claim in the amount of $4,016,352.35.

7. The bankruptcy estate is also subject to administrative claims and expenses which are subject to the approval by the Bankruptcy Court. Such expenses will probably exceed $200,000.00.

8. On May 14, 2010 the Trustee filed his Motion to Sell All Assets by Auction Free and Clear of All Liens, Claims and Encumbrances and Notice of Hearing [Docket No. 105] (the "Sale Motion"). On May 26, 2010, the Court entered an order approving the Sale Motion [Docket No. 118].

9. On or about July 12, 2010, the Trustee, through an auctioneer, conducted an auction for the sale all of the Debtors' assets. The auction produced several bidding entities with the winning bid being $6,500,000 submitted by Gruet Winery represented by Laurent Gruet. By this Emergency Sale Motion, the Trustee submits that the winning bidder has failed to tender the required auction deposit. Therefore, the Trustee finds it necessary to conduct a subsequent auction in order to sell the Debtors' assets.

### III.
### Emergency Nature of Motion and Request for Shortened and Limited Notice

10. The auction was held on or about July 12, 2010 by Williams & Williams Auctioneer and the winning bid was submitted by Gruet Winery represented by

Laurent Gruet. The terms and conditions of the bidder's packet provided that the winning bidder shall deposit a down payment equal to ten (10) percent of the purchase price. The winning bidder, Gruet Winery, made an initial deposit of $100,000, but upon demand of the additional $550,000 due, it has failed to tender the same to the Trustee.

11. There is an emergency situation confronting the Debtors in that the grape crushing season shall begin toward late August and continue into September. The growers of the grapes must have commitments from the winery regarding the crushing of the grapes so that their crops are not subject to damage or spoilage. As a consequence, it is necessary that the Trustee be granted emergency authorization to auction the Debtors assets as quickly as possible so that the new owners are in place by the beginning of the grape harvest.

12. Therefore, the Trustee asserts that it is necessary to hold an emergency hearing on limited and shortened notice so as to obtain authority from the Court for the Trustee to conduct a "rolling bid auction" in order to sell all of the assets of the Debtors. Limited notice is warranted because it is expected that the only real parties in interest, Plains Capital Bank, the owners of the Debtors, and the U.S. Trustee, will all consent or have consented to the emergency relief requested herein. Gruet Winery, an interested party, has also been noticed of the emergency relief requested herein.

13. Federal Rule of Bankruptcy Procedure 2002(a)(2) requires that the debtor, the trustee, all creditors and indenture trustees receive at least twenty (20) days notice by mail of a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, "unless the court for cause shown shortens the time or directs another method of giving notice." The Trustee will serve the Motion on the parties whom assert

liens on the property as specified in paragraph six (6) herein. The Motion will also be served on any other parties that have been identified by the Trustee as having a potential interest in the assets that are the subject of the Motion. Additionally, the Motion will be served upon the U.S. Trustee. The Trustee, however, requests that the notice procedure be shortened so that the Trustee and any potential purchaser may consummate the transaction as quickly and efficiently as possible. To that end, the Trustee requests that the notice required in Federal Rule of Bankruptcy Procedure 2002(a)(2) be waived so that the Trustee may hold a hearing to approve this Emergency Sale Motion by July 27, 2010 or at the Court's earliest convenience.

14. The Trustee submits that the Debtors' creditors, other parties in interest in the Bankruptcy Case and the U.S. Trustee shall not be prejudiced in any way by shortening the notice period required by Federal Rule of Bankruptcy Procedure 2002(a)(2). The Debtors' creditors and other parties in interest have received notice, by way of the Sale Motion, that the Trustee intends to sale all Debtors' assets at a public auction free and clear of all liens, claims and encumbrances. In fact, no objections to the Sale Motion were filed with the Court. Accordingly, waiver of the twenty (20) day notice period required by Federal Rule of Bankruptcy Procedure 2002(a)(2) shall not impair the rights of any of the Debtors' creditors or other parties in interests.

### III.
### Auction Procedures

15. The procedure for the auction is as follows:

    a. Notice shall be given to interested purchases that a "rolling sealed bid auction" will be conducted on August 3, 2010.

b. All interested bidders shall be required to tender a refundable deposit of one hundred thousand dollars ($100,000).

c. Williams Auction Company will receive sealed bids from qualified bidders, such bidding to expire at midnight August 3, 2010. During the auction, bidders will be informed if they are no longer the highest bidder and will be given the opportunity to revise their bid.

d. At the conclusion of the auction, the highest bidder shall be determined by Williams Auction Company.

e. The Trustee shall subsequently announce the winning bidder and submit a report of sale to the Court.

f. Winning bidder shall have thirty (30) days from the date of the auction to close the sale on the Debtors' assets.

WHEREFORE, PREMISES CONSIDERED, the Chapter 11 Trustee respectfully requests that the Court enter an order: (I) granting hearing on this Emergency Sale Motion to be conducted in July 27, 2010 or at the Court's earliest convenience; (II) authorizing and approving the sale of all the Debtors' assets free and clear of all liens, claims and encumbrances pursuant to the terms provided herein; and (III) granting the Trustee such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Max R. Tarbox: ABN: 19639950
TARBOX LAW, P.C.
2301 Broadway
Lubbock, Texas 79401
Telephone: 806-686-4448
Telefax: 806-368-9785
*Attorneys for Chapter 11 Trustee*

/s/ Max R. Tarbox
Max R. Tarbox: ABN: 19639950
*Attorneys for Chapter 11 Trustee*

## CERTIFICATE OF CONFERENCE

This is to certify that on July 26, 2010, I conferred with R. Byrn Bass, attorney for Oxbridge Capital Group, LLC, Harold Pigg, attorney for the Debtors. Steven Lokhart of Gardere Wynne Sewell LLP, attorneys for Plains Capital Bank, and Nancy Resnick of the U.S. Trustee's Office. Ms. Resnick and Mr. Bass do not oppose the relief requested in this Emergency Sale Motion. Mr. Lockhart and Mr. Pigg stated they would respond to me by Tuesday morning, July 27, 2010.

This is to further certify that on July 26, 2010, David Langston, the Trustee's attorney, conferred with L. Gruet regarding the Trustee's intent to schedule an emergency hearing.

/s/ Max R. Tarbox
Max R. Tarbox

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion was mailed by regular first class mail, postage prepaid on this the 26th day of July, 2010 to the following listed parties in interest:

1. U.S. Trustee's Office
   1100 Commerce Street
   Room 976
   Dallas, Texas 75242

2. D.C. Roberts
   Williams & Williams
   7129 S. Lewis Avenue, Suite 200
   Tulsa, OK 74136-5401

3. All parties listed on the attached mailing matrix.

/s/ Max R. Tarbox
Max R. Tarbox